IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20524-CIV-JLK

PAVARINI CONSTRUCTION CO. (SE), Inc., a
Delaware Corporation, individually, and for the
use and benefit of STEADFAST INSURANCE
COMPANY, a Delaware Corporation,

   Plaintiff,

vs.

ACE American Insurance Company, a
Pennsylvania Corporation,

   Defendant.

_____ /

**ACE AMERICAN INSURANCE COMPANY'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

The Defendant, ACE AMERICAN INSURANCE COMPANY, (hereinafter "ACE"), by and through undersigned counsel, hereby responds to Plaintiff's Complaint [D.E. 1], and in support thereof state as follows:

**Parties and Jurisdiction**

1. Admitted that this is an action for declaratory judgment and breach of contract. Otherwise, denied.

2. Admitted.

3. Admitted.

4. Admitted for jurisdictional purposes only.

5. Admitted for jurisdiction purposes only.

## Background

6. Admitted.

7. Admitted that Owner Controlled Insurance Program policies were purchased for the 900 Biscayne project. Otherwise, denied.

8. Admitted that American Home Assurance Company, under Policy Number: GL178-84-86, issued the primary layer of coverage under the OCIP issued by ACE. Admitted that ACE issued an Excess Liability Policy (Policy Number: XLX G21974845) with a general aggregate limit of $25 million dollars, and a five year completed operations extension. Otherwise, denied.

9. Admitted that Steadfast Insurance Company issued a Subguard policy to Pavarini under Policy Number: SGD 9306239-03. Otherwise, denied.

10. ACE has no personal knowledge to either admit or deny the allegations in paragraph 10 at this time.

11. ACE has no personal knowledge to either admit or deny the allegations in paragraph 11 at this time.

12. ACE has no personal knowledge to either admit or deny the allegations in paragraph 12 at this time.

13. ACE has no personal knowledge to either admit or deny the allegations in paragraph 13 at this time.

14. Denied.

15. Admitted that American Home Assurance Company accepted the tender of the claim and defended Pavarini against 900 Biscayne's Fla. Stat. Ch. 558 claims. Otherwise, denied.

Case No. 14-20524-CIV-JLK

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Because the CMU subcontractor and the subcontractor responsible for the placement of rebar are not identified by name in the Complaint, ACE can neither admit nor deny the allegations in paragraph 20 at this time.

21. Because the CMU subcontractor is not identified by name in the Complaint, ACE can neither admit nor deny the allegations in paragraph 21 at this time.

22. ACE has no personal knowledge to either admit or deny the allegations in paragraph 22 at this time.

23. ACE has no personal knowledge to either admit or deny the allegations in paragraph 23 regarding the extent to which PAVARINI has been reimbursed by Steadfast. The balance of the allegations in paragraph 23 are denied.

24. ACE has no personal knowledge to either admit or deny the allegations in paragraph 24 at this time.

25. Denied.

26. Admitted that American Home Assurance Company has paid $2 million from its policy. Otherwise, denied.

27. Denied.

28. Denied.

29. ACE has no personal knowledge to either admit or deny the allegations in paragraph 29 at this time.

Case No. 14-20524-CIV-JLK

30. Denied.

31. Denied

32. Denied in its entirety including all subparts.

## Count I
## Declaratory Judgment

33. Paragraph 33 repeats and realleges each and every allegation set forth previously in the Complaint and therefore does not require a separate response.

34. Admitted.

35. Admitted.

36. Admitted.

37. Denied in its entirety including all subparts.

WHEREFORE, for all the reasons set forth above, ACE requests that this Court enter an Order dismissing Plaintiff's Complaint as well as entering any such further relief this Court deems just and proper.

## Count II
## Breach of Contract Against ACE by Pavarini, Individually

38. Paragraph 38 repeats and realleges each and every allegation set forth previously in the Complaint and therefore does not require a separate response.

39. Admitted.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

WHEREFORE, for all the reasons set forth above, ACE requests that this Court enter an Order dismissing Plaintiff's Complaint as well as entering any such further relief this Court deems just and proper.

## Count III
### Breach of Contract Against ACE by Pavarini, as Assignee and for the use and Benefit of Steadfast, as Subrogee

51. Paragraph 51 repeats and realleges each and every allegation set forth previously in the Complaint and therefore does not require a separate response.

52. Admitted.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

Case No. 14-20524-CIV-JLK

62. Denied.

63. Admitted that the Steadfast Subguard Policy is a valid contract. Otherwise, ACE has no personal knowledge to either admit or deny the allegations in paragraph 63 at this time.

64. Denied.

65. Denied.

66. Denied.

67. ACE has no personal knowledge to either admit or deny the allegations in paragraph 67 at this time.

68. Denied.

WHEREFORE, for all the reasons set forth above, ACE requests that this Court enter an Order dismissing Plaintiff's Complaint as well as entering any such further relief this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. ACE issued an Excess Liability Policy (Policy No. G21974845; Policy Period: 10/25/04 – 10/31/08) to its named insured, Terra-Adi International Bayshore, LLC. The ACE Excess Liability Policy was issued as part of an Owner Control Insurance Program and is a true excess policy.

2. ACE's Excess Liability Policy is excess over Steadfast Insurance Company's primary $25 million Subguard insurance policy.

3. Steadfast Insurance Company's primary $25 million Subguard insurance policy is a first party insurance policy and not a bond.

4. Steadfast Insurance Company's primary $25 million Subguard insurance policy provides coverage for defective work, while ACE's Excess Liability Policy does not cover defective work.

5. The terms and conditions of ACE's Excess Liability Policy determine and limit the carrier's duties and obligations to PAVARINI.

6. Pursuant to the American Home "Insuring Agreement" to which ACE's Excess Liability Policy follows form, ACE would only pay those sums that PAVARINI becomes "legally obligated to pay as damages because of … 'property damage'." There is no indemnity owed under the ACE policy because there has been no determination of a legal obligation against PAVARINI to pay such damages.

7. ACE's Excess Liability Policy does not cover repairs that would constitute betterment.

8. ACE's Excess Liability Policy does not cover voluntary payments, or expenses incurred in the absence of ACE's written consent

9. Steadfast Insurance Company's primary $25 million Subguard insurance policy Indemnifies PAVARINI for any "Loss" incurred as a result of a default of performance by any of PAVARINI's subcontractors at the project.

10. Steadfast Insurance Company waived its subrogation rights through an endorsement to the Subguard policy. Therefore, pursuant to clear and unambiguous terms of Steadfast Insurance Company's Subguard insurance policy, Steadfast has no subrogation rights and could not have validly assigned any subrogation rights to PAVARINI.

Case No. 14-20524-CIV-JLK

11. Steadfast Insurance Company claims that it is subrogated to the rights and stands in the shoes of PAVARINI, including PAVARINI'S rights against responsible subcontractors and insurer. However, Steadfast has no subrogation rights because it waived those rights by endorsement to the Subguard policy.

* * *

Discovery is just beginning and in its very early stages. Moreover, the Plaintiff's Complaint does not describe the nature of the alleged damages with sufficient particularity to enable ACE to determine what additional defenses it may have in response to the Plaintiff's suit. ACE, therefore, reserves the right to amend the instant Answer and Affirmative Defenses to include any additional defenses which may be pertinent to the instant action once the precise nature of the Plaintiff's allegations and purported damages are ascertained through discovery.

MARLOW ADLER ABRAMS
NEWMAN & LEWIS
Counsel for Defendant ACE
4000 Ponce de Leon Boulevard, Suite 570
Coral Gables, FL 33146
Tel: (305) 446-0500
Fax: (305) 446-3667

By: /s/ Maritza Peña, Esq.
    Maritza Peña, Esq.
    Fla. Bar No. 145637
    mpena@marlowadler.com
    Joel D. Adler, Esq.
    Fla. Bar No. 283223
    jadler@marlowadler.com

Case No. 14-20524-CIV-JLK

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on June 2, 2014, the foregoing document was served via E-mail on all counsel of record identified on the attached Service List.

By: /s/ Maritza Peña, Esq.
Fla. Bar No. 145637

**SERVICE LIST**

Peter F. Valori, Esquire
Russell M. Landy, Esquire
Damian & Valori, LLP
1000 Brickell Avenue, Suite 1020
Miami, FL  33131
Tel.: (305) 371-3960
Fax: (305) 371-3965
Email: pvalori@dvllp.com
rlandy@dvllp.com
*Counsel for Plaintiff*

David T. Dekker, Esquire
Melissa C. Lesmes, Esquire
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC,  20037-1122
Tel.: (202) 663-8000
Fax: (202) 663-9384
Email: david.dekker@pillsburylaw.com
Melissa.lesmes@pillsburylaw.com
**(Upon *pro hac vice* admission)**
*Co-Counsel for Plaintiff*